UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BUGGS, #05691-027,

       Petitioner,

v.                             CASE NO. 2:17-CV-11658
                                 HONORABLE PAUL D. BORMAN

J. A. TERRIS,

       Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

### I.  Introduction

Federal prisoner Carl Buggs ("Petitioner"), currently confined at the Federal

Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal criminal

sentence.  For the reasons stated herein, the Court concludes that the petition must be

dismissed.

### II.  Facts and Procedural History

In 1999, Petitioner was convicted of:  (1) conspiracy to obstruct interstate

commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (count 1); (2)

robbery of two retail businesses (counts 6 and 8); and (3) using firearms during the

commission of the robbery offenses in violation of 18 U.S.C. §§ 922(k) and 924(c)

(counts 7 and 9) following a jury trial in the United States District Court for the Northern District of Indiana . He was sentenced to 78 months imprisonment on counts 1, 6, and 8, 60 months imprisonment on count 7, and 240 months on count 9, to be served consecutively, for a total of 378 months imprisonment. The Seventh Circuit affirmed Petitioner's convictions and sentence on direct appeal. *United States v. Buggs*, 6 F. App'x 484 (7th Cir. 2001). The United States Supreme Court denied a writ of certiorari. *Buggs v. United States*, 534 U.S. 922 (2001). Petitioner subsequently filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255 with the trial court, which was denied. The Seventh Circuit affirmed that decision. *United States v. Buggs*, 107 F. App'x 649 (7th Cir. 2004). Petitioner filed additional requests for collateral relief, including a prior habeas petition under 28 U.S.C. § 2241, all of which were denied. *See, e.g., Buggs v. Quintana*, No. 12-CV-337-JMH, 2012 WL 6691654 (E.D. Ky. Dec. 12, 2012); *aff'd Buggs v. Quintana*, No. 13-5114 (6th Cir. Nov. 1, 2013).

Petitioner dated the instant petition on May 11, 2017 and it was filed by this Court on May 23, 2017. In his pleadings, Petitioner asserts that he is entitled to habeas relief due to a change/clarification in statutory interpretation concerning the consecutive sentencing requirement of 18 U.S.C. § 924(c) as set forth in *United States v. Dean*, _ U.S. _, 137 S. Ct. 1170 (April 3, 2017). In *Dean*, the United States Supreme Court ruled that the relevant statutory language "simply requires any

mandatory minimum under § 924(c) to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence" and that "[n]othing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Id.* at 1178. Petitioner asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention and that he should be re-sentenced because the trial judge likely did not understand his/her discretionary authority in imposing his sentence.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his convictions and/or sentences were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or

supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become

'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Until recently, a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241. *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011); *see also Peterman*, 249 F.3d at 462 (vacating habeas relief where habeas petitioners "do not argue innocence but instead challenge their sentences" because "[c]ourts have generally declined to collaterally review sentences that fall within the statutory maximum"). In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit modified this rule. In *Hill*, the Sixth Circuit ruled that federal prisoners who were sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and who cannot file a successive motion under § 2255, can challenge their sentences under § 2241 "when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 600.

In this case, Petitioner asserts that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 based upon the Sixth Circuit's decision in *Hill*. Petitioner, however, cannot challenge his sentence under § 2241 because his

case does not fall within the *Hill* exception so as to be covered by the savings clause of § 2255. While Petitioner was sentenced before *Booker* and he cannot file a successive motion under § 2255, he does not meet the remaining requirements: he does not rely upon a retroactive change in statutory interpretation and he was not sentenced as a career offender. To be sure, the Supreme Court in *Dean* offered no indication that its holding should be retroactively applied to cases on collateral review – and several judges within this district and circuit have concluded that *Dean* is not retroactive. *See United States v. Harper*, No. 11-CV-20188, 2018 WL 783100, *3 (E.D. Mich. Feb. 8, 2018) (Steeh, J.); *Whitsell v. United States*, No. 17-CV-12691, 2018 WL 317869, *3 (E.D. Mich. Jan. 8, 2018) (Drain, J.); *Simmons v. Terris*, No. 17-CV-11771, 2017 WL 3017536, *2 (E.D. Mich. July 17, 2017) (Goldsmith, J.); *see also Wells v. Terris*, No. 17-CV-12253, 2018 WL 2016155, *2 (E.D. Mich. May 1, 2018) (Hood, C.J.) (denying motion to alter or amend judgment); *United States v. Cooley*, No. 1:09-CR-331, 2017 WL 4003355, *2 (W.D. Mich. Sept. 12, 2017) (collecting cases). Additionally, Petitioner neither alleges nor establishes that he was sentenced as a career offender. Rather, he merely asserts that the trial judge was unaware of his/her sentencing discretion under 18 U.S.C. § 924(c). Consequently, Petitioner fails to show that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255 and obtain habeas relief under 28 U.S.C. § 2241. His petition must therefore be dismissed.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal sentences and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2018